UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUNA MATHURIN, as Personal
Representative of the Estate of
FLEURINAT ESTEPHENE, Deceased,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

CASE NO.:

6:13-CV-1263-ORL-36G JK

## NOTICE OF REMOVAL

COMES NOW the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM"), by and through its undersigned counsel, and gives notice of removal of this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and states as follows:

1.    STATE FARM is a Defendant in a civil action brought against it in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, styled _Juna Mathurin, as Personal Representative of the Estate of Fleurinat Estephene, Deceased vs. State Farm Mutual Automobile Insurance Company_, Case No. 2013-CA-009499-O. Copies of the Summons (Ex. A at 2-3) and Complaint (Ex. A at 4-12) are attached hereto.

2.    The Complaint alleges two causes of action arising from a motor-vehicle

accident that killed Fleurinat Estephene and seeks to recover for the full value of a wrongful-death claim.

3.      The Complaint alleges that Mr. Estephene was killed in an accident and that the Plaintiff is entitled to collect uninsured-motorist ("UM") benefits under an insurance policy issued by STATE FARM. (Complaint ¶¶ 5-8 & Ex. B thereto.)

4.      Count I is captioned "Negligence of State Farm Mutual Automobile Insurance Company." It alleges that Plaintiff's damages "exceed any and all available insurance coverages resulting from this incident" and that STATE FARM "is responsible for the injuries and damages caused by the tortfeasor . . . ." It further alleges that Plaintiff filed a Civil Remedy Notice of Insurer Violation "stating that Defendant . . . was in bad faith for failing to tender the policy limits timely" and placing STATE FARM on notice of Plaintiff's "intent to pursue damages in excess of the UM policy limits." (Complaint ¶ 14.)

5.      Count II is captioned "Bad Faith Claim Against State Farm Mutual Automobile Insurance Company." It alleges that STATE FARM failed to attempt in good faith to settle Plaintiff's claim for UM benefits (Complaint ¶ 18), that Plaintiff "suffered damages allowed under Fla. Stat 624.155, including attorneys' fees, costs, interests [sic], damages which are a reasonably forseeable result of [STATE FARM's] violation of Section 624.155, and damages from an award or judgment that exceeds the policy limits." (Complaint ¶ 19.) It further alleges that Plaintiff has filed a Civil Remedy Notice of Insurer Violation as a "condition[] precedent to pursuing a claim under Fla. Stat. 624.155." (Complaint ¶ 20 & Ex. B thereto.)

6.     Section 627.727(10), Florida Statutes, states: "The damages recoverable from an uninsured motorist carrier in an action brought under § 624.155 shall include the total amount of the claimant's damages, including the amount in excess of the policy limits, any interest on unpaid benefits, reasonable attorney's fees and costs, and any damages caused by a violation of a law of this state. The total amount of the claimant's damages is recoverable whether caused by an insurer or by a third-party tortfeasor." § 627.727(10), Fla. Stat. (2013).

7.     The above-referenced allegations indicate that Plaintiff seeks to recover from STATE FARM the value of a wrongful-death claim arising from the death of Fleurinat Estephene. Further, Plaintiff seeks to recover attorney's fees, which are taken into account in determining the amount in controversy where the statute at issue authorizes their recovery. *Jackson v. Metropolitan Property & Cas. Ins. Co.*, No. 6:09-cv-604-Orl-31GJK, 2009 WL 1456439, at *2 (M.D. Fla. May 22, 2009) (holding that attorneys' fees were to be considered in determining the amount in controversy in a claim under Florida Statute 624.155 because the statute authorizes their recovery). Accordingly, the amount in controversy exceeds $75,000. (*See also* Aff. of John Weihmuller ¶¶ 5-6) (Attached as Exhibit B.)

8.     According to the Complaint, Plaintiff is a resident of Orange County, Florida. (Complaint ¶ 2.)

9.     STATE FARM is a mutual insurance company organized under the laws of the state of Illinois and has its principal place of business in Bloomington, Illinois. Therefore, under 28 U.S.C. § 1332(c), STATE FARM is a resident of the State of Illinois.

3

10. Complete diversity of citizenship exists between the Plaintiff and Defendant.

11. The above-described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by the Defendant herein, pursuant to 28 U.S.C. §§ 1441 and 1446, in that:

A. This is an action between citizens of different states; and

B. This is a civil action in which the amount of the controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

12. Venue is proper in the Orlando Division of the Middle District of Florida because Orange County is located within said division pursuant to Local Rule 1.02(b)(2) of the United States District Court for the Middle District of Florida.

13. A true and legible copy of all process, pleadings, orders and other papers or exhibits of every kind filed with the state court in this action are attached hereto as Exhibit A as required by 28 U.S.C. § 1446(a).

14. A copy of this Notice of Removal is being filed by STATE FARM with the state court where this action is pending "promptly after" the filing in this Court of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that this Honorable Court exercise jurisdiction over this matter.

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

s/ James Michael Shaw, Jr.
JOHN W. WEIHMULLER, ESQ.
Florida Bar No.: 0442577
jweihmuller@butlerpappas.com
JAMES MICHAEL SHAW, JR., ESQ.
Florida Bar No.: 0677851
jshaw@butlerpappas.com
777 S. Harbour Island Boulevard
Suite 500
Tampa, Florida 33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been furnished to:

Jason D. Weisser, Esq.
Schuler, Halvorson, Weisser & Zoeller, P.A.
Barristers Building, Suite 4-D
1615 Forum Place
West Palm Beach, FL 33401

by U.S. Mail this 16th Day of August, 2013.

s/ James Michael Shaw, Jr.
JAMES MICHAEL SHAW, JR., ESQ.



CHIEF FINANCIAL OFFICER
**JEFF ATWATER**
STATE OF FLORIDA



13-086828

---

JUNA MATHURIN, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF FLEURINAT ESTEPHENE,
DECEASED

**CASE #:** 2013-CA-009499-O
**COURT:** CIRCUIT COURT
**COUNTY:** ORANGE COUNTY
**DFS-SOP#:** 13-086828

PLAINTIFF(S),

VS.

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

DEFENDANT(S).

SUMMONS, COMPLAINT, EXHIBIT, DISCOVERY

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida. Said process was received in my office by PROCESS SERVER
on the 30th day of July, 2013 and a copy was forwarded by Electronic Delivery on the 2nd day of
August, 2013 to the designated agent for the named entity as shown below.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
JOHN MONSANTO
VP-OPERATIONS
STATE FARM
7401 CYPRESS GARDENS BLVD
WINTER HAVEN, FL 33888

* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Jeff Atwater*

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

JASON D. WEISSER
SUITE 4-D
1615 FORUM PLACE
WEST PALM BEACH FL 33401

AJ1

Division of Legal Services - Service of Process Section
200 East Gaines Street - P.O. Box 6200 - Tallahassee, Florida 32314-6200 - (850) 413-4200 - Fax (850) 922-2544

"EXHIBIT A"

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY,
FLORIDA

CASE NO.: 2013-CA-009499-O
Division: 40

JUNA MATHURIN, as Personal
Representative of the Estate of
FLEURINAT ESTEPHENE, Deceased,

    Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.

_____/

Date: _7/30/13_
Time: _3:10p_
By: _CMC_ _GIS #101_

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

TO:    STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
    By serving Insurance Commissioner, Florida Dept. of Insurance
    Larson Building, 200 E. Gaines Street
    Tallahassee, FL 32399-0322

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

RECEIVED
JUL 2 3 2013

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiffs Attorney" named below.

JASON D. WEISSER
Schuler, Halvorson, Weisser & Zoeller, P.A.
1615 Forum Place, Suite 4D
West Palm Beach, FL 33401
(561) 689-8180
jweisser@shw-law.com; michele@shw-law.com;
dhoyoun@shw-law.com

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the above-named Defendant(s).

DATED on _____, 2013.

(Seal)



CLERK OF THE CIRCUIT COURT

By: /s Diana Carvajal, Deputy Clerk
By: 2013.07.19 11:16:54 -04'00'
_____
Deputy Clerk
Civil Division
425 N. Orange Avenue
Room 310
Orlando, Florida 32801

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY,
FLORIDA

CASE NO.: 2013-CA-009499-O
Division:   40

JUNA MATHURIN, as Personal
Representative of the Estate of
FLEURINAT ESTEPHENE, Deceased,

      Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

      Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, JUNA MATHURIN, as Personal Representative of the

Estate of FLEURINAT ESTEPHENE, DECEASED, by and through her undersigned counsel,

and hereby sues the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE

COMPANY, and alleges as follows:

### GENERAL ALLEGATIONS

1.     This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00),

exclusive of interest, costs and attorney's fees.

2.     The Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of

FLEURINAT ESTEPHENE, Deceased, is a resident of Orange County, Florida.  See attached

Letters of Administration as Exhibit "A".

1

3.    At all times material hereto, the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was and is a foreign corporation, authorized to transact and transacting insurance business in the State of Florida and is otherwise sui juris.

4.    At all times material to the cause herein, there was in full force and effect a policy of insurance issued by the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Policy Number 406-8935-59 that provided various coverages to the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, including uninsured/underinsured motorist coverage.  The Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, has a copy of the policy of insurance in its possession and is fully aware of the terms and conditions of the policy.

5.    On or about June 6, 2011, the Plaintiff, FLEURINAT ESTEPHENE, Deceased, was the driver of a 2001 Ford on or about State Road 528 westbound or near the intersection of Trade Port Drive in Orlando, Florida when a vehicle driven by Edwin Canales struck the vehicle Mr. Estephene was driving.

6.    Venue is proper in Orange County because the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, lives in Orange County and the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, has business offices located in Orange County, Florida.

## COUNT I – NEGLIGENCE OF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Plaintiff hereby realleges and reavers all of the general allegations contained in Paragraphs 1 through 6 above as though fully set forth herein.

7.    At the above referenced time and date, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, was insured

2

by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY with a policy of underinsured/uninsured motorist coverage under Policy Number 406-8935-59.

8.     At all times material hereto, Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, was and is entitled to recover uninsured/underinsured motorist benefits available in the policy of insurance issued by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, under Policy Number 406-8935-59, and in accordance with Florida law.

9.     At the above referenced time and place, Edwin Canales negligently operated, maintained, and/or controlled his vehicle so as to cause an accident at or near the intersection of State Road 528 westbound or near the intersection of Trade Port Drive in Orlando, Florida.

10.     At the time of the subject incident, the tortfeasor, Edwin Canales had limited liability coverage available for this accident, as such, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED'S injuries and damages exceed all available coverages.

11.     That at said time and place, Edwin Canales did owe a duty of care to the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, to use reasonable care and/or caution to properly maintain, operate, and/or control his motor vehicle.

12.     As a direct and proximate result of Edwin Canales' negligence, Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a pre-existing condition, loss of earnings and/or

3

loss of ability to earn money. The losses are permanent and continuing and Plaintiff shall suffer said losses in the future.

13. The injuries and damages sustained by the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, exceed any and all available insurance coverages resulting from this incident. Pursuant to the terms and conditions of the aforementioned policy of insurance, the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is responsible for the injuries and damages caused by the tortfeasor, Edwin Canales.

14. As stated above, the damages and injuries sustained by the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, exceed any and all available insurance coverages resulting from this incident, including the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, coverage. On January 27, 2012, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, filed a Civil Remedies Notice pursuant to Fla. Stat. 624.155(3) (2005) stating that Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was in bad faith for failing to tender the policy limits timely. By filing the Civil Remedy Notice, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, placed the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, on notice of its intent to pursuant damages in excess of the UM policy limits.

15. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has a duty to treat its insureds in good faith and to timely resolve their claims.

4



CHIEF FINANCIAL OFFICER
**JEFF ATWATER**
STATE OF FLORIDA



13-086828

JUNA MATHURIN, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF FLEURINAT ESTEPHENE,
DECEASED

PLAINTIFF(S),

VS.

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

DEFENDANT(S).

_____/

CASE #:   2013-CA-009499-O
COURT:   CIRCUIT COURT
COUNTY:  ORANGE COUNTY
DFS-SOP#: 13-086828

SUMMONS, COMPLAINT, EXHIBIT, DISCOVERY

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida.  Said process was received in my office by PROCESS SERVER
on the 30th day of July, 2013 and a copy was forwarded by Electronic Delivery on the 2nd day of
August, 2013 to the designated agent for the named entity as shown below.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
JOHN MONSANTO
VP-OPERATIONS
STATE FARM
7401 CYPRESS GARDENS BLVD
WINTER HAVEN, FL 33888

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Jeff Atwater*

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

JASON D. WEISSER
SUITE 4-D                                                          AJ1
1615 FORUM PLACE
WEST PALM BEACH FL 33401

"EXHIBIT A"

Electronically Filed 07/16/2013 04:56:43 PM ET

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY,
FLORIDA

CASE NO.: 2013-CA-009499-O
Division:   40

JUNA MATHURIN, as Personal
Representative of the Estate of
FLEURINAT ESTEPHENE, Deceased,

    Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.

_____/

Date: 7/30/13
Time: 3:10p
By: CMC  GAS #101

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

TO:   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
      By serving Insurance Commissioner, Florida Dept. of Insurance
      Larson Building, 200 E. Gaines Street
      Tallahassee, FL  32399-0322

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

RECEIVED
JUL 2 3 2013

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff's Attorney" named below.

JASON D. WEISSER
Schuler, Halvorson, Weisser & Zoeller, P.A.
1615 Forum Place, Suite 4D
West Palm Beach, FL 33401
(561) 689-8180
jweisser@shw-law.com; michele@shw-law.com;
dhoyoun@shw-law.com


THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the complaint in this lawsuit on the above-named Defendant(s).

DATED on _____, 2013.



(Seal)

CLERK OF THE CIRCUIT COURT

By: /s Diana Carvajal, Deputy Clerk
By: 2013.07.19 11:16:54 -04'00'
_____
Deputy Clerk
Civil Division
425 N. Orange Avenue
Room 310
Orlando, Florida 32801

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY,
FLORIDA

CASE NO.: 2013-CA-009499-O
Division:   40

JUNA MATHURIN, as Personal
Representative of the Estate of
FLEURINAT ESTEPHENE, Deceased,

      Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

      Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, JUNA MATHURIN, as Personal Representative of the

Estate of FLEURINAT ESTEPHENE, DECEASED, by and through her undersigned counsel,

and hereby sues the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE

COMPANY, and alleges as follows:

### GENERAL ALLEGATIONS

1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00),

exclusive of interest, costs and attorney's fees.

2.    The Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of

FLEURINAT ESTEPHENE, Deceased, is a resident of Orange County, Florida.  See attached

Letters of Administration as Exhibit "A".

1

3.     At all times material hereto, the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was and is a foreign corporation, authorized to transact and transacting insurance business in the State of Florida and is otherwise sui juris.

4.     At all times material to the cause herein, there was in full force and effect a policy of insurance issued by the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Policy Number 406-8935-59 that provided various coverages to the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, including uninsured/underinsured motorist coverage. The Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, has a copy of the policy of insurance in its possession and is fully aware of the terms and conditions of the policy.

5.     On or about June 6, 2011, the Plaintiff, FLEURINAT ESTEPHENE, Deceased, was the driver of a 2001 Ford on or about State Road 528 westbound or near the intersection of Trade Port Drive in Orlando, Florida when a vehicle driven by Edwin Canales struck the vehicle Mr. Estephene was driving.

6.     Venue is proper in Orange County because the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, lives in Orange County and the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, has business offices located in Orange County, Florida.

## COUNT I – NEGLIGENCE OF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Plaintiff hereby realleges and reavers all of the general allegations contained in Paragraphs 1 through 6 above as though fully set forth herein.

7.     At the above referenced time and date, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, was insured

2

by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY with a policy of underinsured/uninsured motorist coverage under Policy Number 406-8935-59.

8.    At all times material hereto, Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, was and is entitled to recover uninsured/underinsured motorist benefits available in the policy of insurance issued by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, under Policy Number 406-8935-59, and in accordance with Florida law.

9.    At the above referenced time and place, Edwin Canales negligently operated, maintained, and/or controlled his vehicle so as to cause an accident at or near the intersection of State Road 528 westbound or near the intersection of Trade Port Drive in Orlando, Florida.

10.    At the time of the subject incident, the tortfeasor, Edwin Canales had limited liability coverage available for this accident, as such, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED'S injuries and damages exceed all available coverages.

11.    That at said time and place, Edwin Canales did owe a duty of care to the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, to use reasonable care and/or caution to properly maintain, operate, and/or control his motor vehicle.

12.    As a direct and proximate result of Edwin Canales' negligence, Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a pre-existing condition, loss of earnings and/or

loss of ability to earn money. The losses are permanent and continuing and Plaintiff shall suffer said losses in the future.

13.    The injuries and damages sustained by the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, exceed any and all available insurance coverages resulting from this incident. Pursuant to the terms and conditions of the aforementioned policy of insurance, the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is responsible for the injuries and damages caused by the tortfeasor, Edwin Canales.

14.    As stated above, the damages and injuries sustained by the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, exceed any and all available insurance coverages resulting from this incident, including the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, coverage. On January 27, 2012, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, filed a Civil Remedies Notice pursuant to Fla. Stat. 624.155(3) (2005) stating that Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was in bad faith for failing to tender the policy limits timely. By filing the Civil Remedy Notice, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, placed the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, on notice of its intent to pursuant damages in excess of the UM policy limits.

15.    STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has a duty to treat its insureds in good faith and to timely resolve their claims.

4

16.     Plaintiff has performed all conditions precedent to be performed under said insurance policy.

WHEREFORE, Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, demands judgment for damages plus costs and interest against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and further demands trial by jury.

## COUNT II – BAD FAITH CLAIM AGAINST STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Plaintiff adopts and realleges Paragraphs 1 through 6 of the Allegations Common to All Counts, as if specifically set forth herein.

17.     At all times material hereto, Fla. Stat. 624.155(1) permits any person to file a civil action against insurers when such person is damaged by the insurer's failure to attempt in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her interests.

18.     At all times material hereto, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, failed to attempt in good faith to settle Plaintiff's claim for underinsured motorist benefits by failing to offer and/or pay its policy limits, even though the Plaintiff's damages clearly exceed the available limits purchased by Plaintiff from Defendant under the terms of the policy.

19.     As a direct and proximate result of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's failure to comply with Fla. Stat. 624.155(1) and failure to act honestly and fairly to its insured, Plaintiff suffered damages allowed under Fla. Stat. 624.155, including attorneys' fees, costs, interests, damages which are a reasonably foreseeable result of

5

Defendant's violation of Section 624.155, and damages from an award or judgment that exceeds the policy limits.

20.    At all times material hereto, Plaintiff complied with all conditions precedent to pursuing a claim under Fla. Stat. 624.155. See attached Exhibit "B" – Civil Remedy Notice filed on January 27, 2012.

WHEREFORE, Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, demands judgment for damages against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and further demands trial by jury.

Dated this 16th day of July, 2013.

SCHULER, HALVORSON,
WEISSER & ZOELLER, P.A.
1615 Forum Place, Suite 4-D
West Palm Beach, FL  33401
Telephone:  (561) 689-8180
Attorneys for Plaintiff(s)
jweisser@shw-law.com; michele@shw-law.com;
dhoyoun@shw-law.com

By:_____
     JASON D. WEISSER
     FLA BAR NO:  101435

Jul 26 2011 3:00PM      HP   RSERJET FAX

P.2

IN THE CIRCUIT COURT FOR ORANGE COUNTY
FLORIDA                      PROBATE DIVISION

IN RE:   ESTATE OF

FLEURINAT ESTEPHENE
                              File No. 48-2011-CP-1583-0

        Deceased.

LETTERS OF ADMINISTRATION
(single personal representative)

TO ALL WHOM IT MAY CONCERN

        WHEREAS, FLEURINAT ESTEPHENE, a resident of Orange
County, Florida, died on June 7, 2011, owning assets in the
State of Florida, and

        WHEREAS, JUNA MATHURIN has been appointed Personal
Representative of the estate of the decedent and has
performed all acts prerequisite to issuance of Letters of
Administration in the estate,

        NOW, THEREFORE, I, the undersigned Circuit Judge,
declare JUNA MATHURIN duly qualified under the laws of the
State of Florida to act as Personal Representative of the
Estate of FLEURINAT ESTEPHENE, deceased, with full power to
administer the estate according to law; to ask, demand, sue
for, recover and receive the property of the decedent; to
pay the debts of the decedent as far as the assets of the
estate will permit and the law directs; and to make
distribution of the estate according to law.

        ORDERED on _____, 2011.
                              JUL 19 2011

                              THEOTIS BRONSON
                    _____
                              CIRCUIT JUDGE

cc:  Steven K. Schwartz, Esq.

(P3-0700 1/1/11)

RECEIVED

JUL 25 2011



## Civil Remedy Notice of Insurer Violations

**Filing Number:**   196907

**Filing Accepted:**   1/27/2012

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑   The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | **FLEURINAT ESTEPHENE** |
| Street Address: | **4058 KINGSPORT DRIVE** |
| City, State Zip: | **ORLANDO, FL  32839** |
| Email Address: | |
| Complainant Type: | **Insured** |

### Insured

| | |
|---|---|
| Name: | **FLEURINAT ESTEPHENE** |
| Policy #: | **406-8935-59** |
| Claim #: | **59-A820-386** |

### Attorney

| | |
|---|---|
| Name: | **RICK S. JACOBS** |
| Street Address: | **5401 S. KIRKMAN ROAD, STE 660** |
| City, State Zip: | **ORLANDO, FL  32819** |
| Email Address: | |

### Notice Against

| | |
|---|---|
| Insurer Type: | **Authorized Insurer** |
| Name: | **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** |
| Street Address: | |
| City, State Zip: | , |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

**DAVID SEMESCO**

| | |
|---|---|
| Type of Insurance: | **Auto** |

DFS-10-363
Rev. 11/2007



PLAINTIFF'S EXHIBIT "B"

## Civil Remedy Notice of Insurer Violations

Filing Number:   **196907**

## Reason for Notice

Reasons for Notice:

**Claim Denial**

PURSUANT TO SECTION 624.155, F.S. please indicate all statutory provisions alleged to have been violated.

| 624.155(1)(b)(1) | Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. |
|---|---|

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

**WE WILL PAY COMPENSATORY DAMAGES WHICH AN "INSURED" IS LEGALLY ENTITLED TO RECOVER TE OWNER OR OPERATOR OF AN "UNDERINSURED MOTOR VEHICLE" BECAUSE OF "BODILY INJURY".**

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

**THE DECEASED, FLEURINAT ESTEPHENE, WAS THE DRIVER OF A 2001 FORD CROWN VICTORIA. ON JUNE 6, 2011, MR. ESTEPHENE WAS STOPPED WEST ON STATE ROAD 528, WHEN THE TORTFEASOR NEGLIGENTLY AND CARELESSLY REAR-ENDED MY CLIENT'S VEHICLE. THE FORCE OF THE DUMP TRUCK, WEIGHING AT AN ESTIMATE OF MORE THAN 10,000.00 LBS., PUSHED MY CLIENTS VEHICLE APPROXIMATELY 220 FEET WEST OF THE POINT OF IMPACT. CONSEQUENTLY, THE IMPACT LEFT MY CLIENT, MR. FLEURINAT ESTEPHENE, WITH INCAPACITATING INJURIES. MR. ESTEPHENE WAS RUSHED TO ORLANDO REGIONAL MEDICAL CENTER WHERE HE WAS PRONOUNCED DECEASED ON JUNE 08, 2011, AT 3:07 P.M. BY DR. JOHN PROMES, M.D. MR. ESTEPHENE IS NAMED AS THE INSURED AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY REFUSES TO SETTLE HIS UNDERINSURED MOTORIST CLAIM.**

## Comments

| User Id | Date Added | Comment |
|---|---|---|
| | | |

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY,
FLORIDA

CASE NO.: 2013-CA-009499-O
Division:   40

JUNA MATHURIN, as Personal
Representative of the Estate of
FLEURINAT ESTEPHENE, Deceased,

     Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

     Defendant.

_____/

### PLAINTIFF'S NOTICE OF FILING UNINSURED/UNDERINSURED MOTORIST INTERROGATORIES TO DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

COMES NOW, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, Deceased, by and through her undersigned counsel, hereby give notice of propounding Uninsured Motorist Interrogatories to Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via service of process along with the Complaint.

DATED: _Ju ly 16th_, 2013.

SCHULER, HALVORSON,
WEISSER & ZOELLER, P.A.
Attorneys for Plaintiffs
1615 Forum Place, Ste. 4-D
Barristers Building
West Palm Beach, FL 33401
(561)-689-8180
jweisser@shw-law.com; michele@shw-law.com;
dhoyoun@shw-law.com

By:_____

JASON D. WEISSER
Fla. Bar No.: 101435

**PLAINTIFF'S FIRST UNINSURED MOTORIST INTERROGATORIES
TO DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2. Describe in detail your version of how the collision described in the Complaint happened, including all actions you allege were taken by the uninsured/underinsured driver or owner to prevent the collision.

3. Describe in detail each act or omission on the part of any plaintiff or uninsured/underinsured driver or owner that you contend constituted negligence that was a contributing legal cause of the incident in question.

4. State the facts upon which you rely for each affirmative defense in your Answer.

3.

5. Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

6. Was the uninsured/underinsured driver or owner charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint? If so, what was the nature of the charge; what plea or answer, if any, did the uninsured/underinsured driver or owner enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

4

7. List the names and addresses of all persons who are believed or known by you, your agents, your employees or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

8. Have you heard or do you know about any statement or remark made by or on behalf of any plaintiff or uninsured/underinsured driver or owner concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

9. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

10. State each basis for your denial of uninsured/underinsured motorist coverage to any plaintiff.

5

STATE OF _____)
                                          ) ss
COUNTY OF _____)

        _____, being duly sworn, deposes and says that the

attached _____ is true and correct to the best of his/her knowledge,

information and belief.

        The foregoing instrument was acknowledged before me this _____ day of

_____, 20_____, by _____, who is personally known

to me or who produced _____ as identification and who did/did not

take an oath.

                                              _____
                                            NOTARY PUBLIC

My Commission expires:

6

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY,
FLORIDA

CASE NO.: 2013-CA-009499-O
Division:    40

JUNA MATHURIN, as Personal
Representative of the Estate of
FLEURINAT ESTEPHENE, Deceased,

      Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

      Defendant.
_____/

## REQUEST FOR ADMISSIONS TO DEFENDANT,
## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT

ESTEPHENE, Deceased, pursuant to Rule 1.370 of the Florida Rules of Civil Procedure,

propounds the following Request for Admissions to Defendant, STATE FARM MUTUAL

AUTOMOBILE INSURANCE COMPANY, and requests the Defendant to admit or deny the

following:

    1.    That at all times material to the cause herein, the Defendant, STATE FARM

MUTUAL AUTOMOBILE INSURANCE COMPANY, was and is an insurance company

authorized to do business in the State of Florida and was and is doing substantial business in Orange

County, Florida.

    2.    That at all times material to the cause herein the Defendant, STATE FARM

MUTUAL AUTOMOBILE INSURANCE COMPANY, had in full force and effect a policy of

insurance, and that pursuant to the terms and conditions of said policy, uninsured and/or underinsured motorists coverage was available to the Plaintiff for injuries caused by an uninsured or underinsured motorist.

3.      That the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, has in its possession, a copy of said policy of insurance and is fully aware of the terms and conditions of said policy, and the coverages afforded thereunder.

4.      That on July 27, 2012, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, Deceased, made a demand as to the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, for payment of the policy limits under the underinsured motorist coverage.

5.      That the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, failed to reasonably and timely pay the policy limits.

6.      That had the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, timely tendered its available policy limits of $10,000.00, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, Deceased, would have accepted same.

7.      That the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, had an obligation to initiate settlement negotiations with the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, Deceased and actually tender its policy limits in a timely fashion and has not done so to date.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via service of process along with the Complaint.

DATED: July 16th, 2013.

2

SCHULER, HALVORSON,
WEISSER & ZOELLER, P.A.
Attorneys for Plaintiff
1615 Forum Place, Ste. 4-D
Barristers Building
West Palm Beach, FL  33401
(561)-689-8180
jweisser@shw-law.com; michele@shw-law.com;
dhoyoun@shw-law.com

By:_____
    Jason D. Weisser
    Fla. Bar No.:  101435

3

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY,
FLORIDA

CASE NO.: 2013-CA-009499-O
Division: 40

JUNA MATHURIN, as Personal
Representative of the Estate of
FLEURINAT ESTEPHENE, Deceased,

      Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

      Defendant.

_____/

### PLAINTIFF'S UNINSURED/UNDERINSURED REQUEST TO PRODUCE TO DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

COMES NOW the Plaintiff, JUNA MATHURIN, as Personal Representative of the

Estate of FLEURINAT ESTEPHENE, Deceased, by and through her undersigned attorney,

pursuant to the Florida Rules of Civil Procedure, hereby requests the Defendant, STATE FARM

MUTUAL AUTOMOBILE INSURANCE COMPANY, to produce the following at the office of

the undersigned, for inspection and/or copying, within the time prescribed by Rule 1.340, Florida

Rules of Civil Procedure:

    1.  Copies of any and all liability insurance policies and any and all excess or umbrella

liability insurance policies providing coverage on the Plaintiffs' vehicles, including all

applicable declaration pages.

1

2.  Any and all statements given by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY to any person other than attorney or insurer, relative to this accident.

3.  Any and all graphs, charts, statements, models, maps, drawings, motion pictures, photographs or writings pertaining to any fact involved in this lawsuit.

4.  Copies of all writings, recordings, memoranda, notes or other material reflecting statements made by the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, Deceased, regarding the issues in this case.

5.  Any and all estimates, invoices, repair bills and/or repair statements on either involved vehicle in this accident pertaining to the value of damage sustained.

6.  Any and all photographs taken after the accident referred to in the Complaint which are in any manner related to the subject matter of this lawsuit, including but not limited to vehicle, Plaintiffs' or the scene of the collision.

7.  The name, address, telephone number and statement of any witness that you, your agents or attorneys are aware of.

8.  The face sheet or declaration sheet of each primary, excess or umbrella liability insurance policy in effect at the time of the subject collision insuring any plaintiff for the operation of any motor vehicle.

9.  Complete copies of each primary, excess or umbrella liability insurance policy in effect at the time of the subject collision insuring any plaintiff for the operation of any motor vehicle.

10.  Any and all statements, however preserved, made by any Plaintiff, Defendant, any underinsured or uninsured driver or owner, or any other person concerning this action or

2

the subject matter or any claim in this lawsuit or pertaining to any plaintiff, which are not work product.

11. Any and all photographs which do or might reveal the injuries which any plaintiff sustained in the subject collision, together with documentation reflecting the date each photograph was taken. Note: *actual duplicate photographs are requested at the reasonable cost of plaintiff(s), not photostatic or laser copies.*

12. Any and all photographs which do or might reveal the injuries which any defendant sustained in the subject collision, together with documentation reflecting the date each photograph was taken. Note: *actual duplicate photographs are requested at the reasonable cost of plaintiff(s), not photostatic or laser copies*

13. Any and all photographs which do or might reveal the injuries which any other person sustained in the subject collision, together with documentation reflecting the date each photograph was taken. Note: *actual duplicate photographs are requested at the reasonable cost of plaintiff(s), not photostatic or laser copies.*

14. Any and all photographs taken *of* or *at* the scene of the subject collision, together with documentation reflecting the date each photograph was taken. Note: *actual duplicate photographs are requested at the reasonable cost of plaintiff(s), not photostatic or laser copies.*

15. Any and all photographs of property damage to any vehicle involved in the subject collision, together with documentation reflecting the date each photograph was taken. Note: *actual duplicate photographs are requested at the reasonable cost of plaintiff(s), not photostatic or laser copies.*

16.  Copies of any and all repair estimates, bills and receipts and property damage reimbursement checks issued by any liability insurer regarding any vehicle involved in the subject collision.

17.  All medical, hospital, and doctor bills and records of prescription or other expenses incurred by any person for treatment of any injuries caused by the subject collision.

18.  All documentation of the existence of any surveillance information pertaining to any plaintiff, whether or not intended to be presented at trial, including but not limited to log books, bills, statements, expense sheets and mileage records.

19.  Any and all visual, audio or other surveillance material of any plaintiff, or any other tangible recording (including recording utilizing film, digital, manual, chemical, electrical, electromagnetic or any other reproducible means) intended to be presented at trial herein, whether for substantive, corroborative or impeachment purposes, including but not limited to videotapes, motion pictures, still pictures and tape recordings.

20.  Any and all investigative, incident or consultant reports relating to visual, audio or other surveillance material of any plaintiff, intended to be presented at trial herein, whether for substantive, corroborative or impeachment purposes.

21.  Any and all reports and supplemental or amended reports concerning any and all past or present claims asserted by any plaintiff, including without limitation reports obtained from the Central Index Bureau or any other similar organization which maintain records concerning claims asserted by individuals.

22.  Any other documentation or physical evidence of any nature which defendant now contends or at any time at any time contended is or was relevant to any of the issues

involved in this matter, including without limitation the credibility of any plaintiff and any and all persons named by any defendant in discovery in this matter.

23. All documents or other items or things obtained or reviewed by you which are relevant in any way to this suit, whether obtained pursuant to subpoena or by the consent of any other person.

24. Any and all documentation of communications by and between any defendant or any underinsured or uninsured driver or owner and any insurer regarding coverage or indemnification for damages, including punitive damages, sought from defendant herein.

25. Documentation which specifically supports any policy defense, claim of lack of notice or failure to meet condition precedent to filing suit raised in your Answer or which you intend to raise.

26. Documentation which specifically supports any affirmative defense raised in your Answer.

27. All exhibits intended to be presented at trial herein by you, whether for substantive, corroborative or impeachment purposes.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via service of process along with the Complaint.

DATED: July 16th, 2013.

SCHULER, HALVORSON,
WEISSER & ZOELLER, P.A.
Attorneys for Plaintiff
1615 Forum Place, Ste. 4-D
Barristers Building
West Palm Beach, FL  33401
(561)-689-8180
jweisser@shw-law.com; michele@shw-law.com;
dhoyoun@shw-law.com

By:_____
      Jason D. Weisser
      Fla. Bar No.: 101435

6