IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY,
FLORIDA

CASE NO.: 2013-CA-009499-O
Division: 40

JUNA MATHURIN, as Personal
Representative of the Estate of
FLEURINAT ESTEPHENE, Deceased,

    Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, by and through her undersigned counsel, and hereby sues the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2. The Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, Deceased, is a resident of Orange County, Florida. See attached Letters of Administration as Exhibit "A".

1

3. At all times material hereto, the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was and is a foreign corporation, authorized to transact and transacting insurance business in the State of Florida and is otherwise sui juris.

4. At all times material to the cause herein, there was in full force and effect a policy of insurance issued by the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Policy Number 406-8935-59 that provided various coverages to the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, including uninsured/underinsured motorist coverage. The Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, has a copy of the policy of insurance in its possession and is fully aware of the terms and conditions of the policy.

5. On or about June 6, 2011, the Plaintiff, FLEURINAT ESTEPHENE, Deceased, was the driver of a 2001 Ford on or about State Road 528 westbound or near the intersection of Trade Port Drive in Orlando, Florida when a vehicle driven by Edwin Canales struck the vehicle Mr. Estephene was driving.

6. Venue is proper in Orange County because the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, lives in Orange County and the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, has business offices located in Orange County, Florida.

### COUNT I – NEGLIGENCE OF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Plaintiff hereby realleges and reavers all of the general allegations contained in Paragraphs 1 through 6 above as though fully set forth herein.

7. At the above referenced time and date, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, was insured

by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY with a policy of underinsured/uninsured motorist coverage under Policy Number 406-8935-59.

8. At all times material hereto, Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, was and is entitled to recover uninsured/underinsured motorist benefits available in the policy of insurance issued by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, under Policy Number 406-8935-59, and in accordance with Florida law.

9. At the above referenced time and place, Edwin Canales negligently operated, maintained, and/or controlled his vehicle so as to cause an accident at or near the intersection of State Road 528 westbound or near the intersection of Trade Port Drive in Orlando, Florida.

10. At the time of the subject incident, the tortfeasor, Edwin Canales had limited liability coverage available for this accident, as such, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED'S injuries and damages exceed all available coverages.

11. That at said time and place, Edwin Canales did owe a duty of care to the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, to use reasonable care and/or caution to properly maintain, operate, and/or control his motor vehicle.

12. As a direct and proximate result of Edwin Canales' negligence, Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a pre-existing condition, loss of earnings and/or

loss of ability to earn money. The losses are permanent and continuing and Plaintiff shall suffer said losses in the future.

13. The injuries and damages sustained by the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, exceed any and all available insurance coverages resulting from this incident. Pursuant to the terms and conditions of the aforementioned policy of insurance, the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is responsible for the injuries and damages caused by the tortfeasor, Edwin Canales.

14. As stated above, the damages and injuries sustained by the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, exceed any and all available insurance coverages resulting from this incident, including the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, coverage. On January 27, 2012, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, filed a Civil Remedies Notice pursuant to Fla. Stat. 624.155(3) (2005) stating that Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was in bad faith for failing to tender the policy limits timely. By filing the Civil Remedy Notice, the Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, placed the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, on notice of its intent to pursuant damages in excess of the UM policy limits.

15. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has a duty to treat its insureds in good faith and to timely resolve their claims.

16. Plaintiff has performed all conditions precedent to be performed under said insurance policy.

WHEREFORE, Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, demands judgment for damages plus costs and interest against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and further demands trial by jury.

### COUNT II – BAD FAITH CLAIM AGAINST STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Plaintiff adopts and realleges Paragraphs 1 through 6 of the Allegations Common to All Counts, as if specifically set forth herein.

17. At all times material hereto, Fla. Stat. 624.155(1) permits any person to file a civil action against insurers when such person is damaged by the insurer's failure to attempt in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her interests.

18. At all times material hereto, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, failed to attempt in good faith to settle Plaintiff's claim for underinsured motorist benefits by failing to offer and/or pay its policy limits, even though the Plaintiff's damages clearly exceed the available limits purchased by Plaintiff from Defendant under the terms of the policy.

19. As a direct and proximate result of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's failure to comply with Fla. Stat. 624.155(1) and failure to act honestly and fairly to its insured, Plaintiff suffered damages allowed under Fla. Stat. 624.155, including attorneys' fees, costs, interests, damages which are a reasonably foreseeable result of

Defendant's violation of Section 624.155, and damages from an award or judgment that exceeds the policy limits.

20. At all times material hereto, Plaintiff complied with all conditions precedent to pursuing a claim under Fla. Stat. 624.155. See attached Exhibit "B" – Civil Remedy Notice filed on January 27, 2012.

WHEREFORE, Plaintiff, JUNA MATHURIN, as Personal Representative of the Estate of FLEURINAT ESTEPHENE, DECEASED, demands judgment for damages against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and further demands trial by jury.

Dated this 16th day of July, 2013.

SCHULER, HALVORSON,
WEISSER & ZOELLER, P.A.
1615 Forum Place, Suite 4-D
West Palm Beach, FL 33401
Telephone: (561) 689-8180
Attorneys for Plaintiff(s)
jweisser@shw-law.com; michele@shw-law.com;
dhoyoun@shw-law.com

By:_____
JASON D. WEISSER
FLA BAR NO: 101435

Jul 26 2011 3:00PM   HP LASERJET FAX                                                                    P.2

IN THE CIRCUIT COURT FOR ORANGE COUNTY
FLORIDA                    PROBATE DIVISION

IN RE: ESTATE OF

FLEURINAT ESTEPHENE                File No. 48-2011-CP-1523-O

    Deceased.

LETTERS OF ADMINISTRATION
(single personal representative)

TO ALL WHOM IT MAY CONCERN

    WHEREAS, FLEURINAT ESTEPHENE, a resident of Orange County, Florida, died on June 7, 2011, owning assets in the State of Florida, and

    WHEREAS, JUNA MATHURIN has been appointed Personal Representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

    NOW, THEREFORE, I, the undersigned Circuit Judge, declare JUNA MATHURIN duly qualified under the laws of the State of Florida to act as Personal Representative of the Estate of FLEURINAT ESTEPHENE, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

    ORDERED on _____, 2011.

                                      JUL 19 2011

                                  THEOTIS BRONSON
                                  CIRCUIT JUDGE

cc: Steven K. Schwartz, Esq.

(P3-0700 1/1/11)

RECEIVED
JUL 25 2011


PLAINTIFF'S EXHIBIT A

## Civil Remedy Notice of Insurer Violations

Filing Number: **196907**
Filing Accepted: **1/27/2012**

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☒ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | FLEURINAT ESTEPHENE |
| Street Address: | 4058 KINGSPORT DRIVE |
| City, State Zip: | ORLANDO, FL 32839 |
| Email Address: | |
| Complainant Type: | Insured |

### Insured

| | |
|---|---|
| Name: | FLEURINAT ESTEPHENE |
| Policy #: | 406-8935-59 |
| Claim #: | 59-A820-386 |

### Attorney

| | |
|---|---|
| Name: | RICK S. JACOBS |
| Street Address: | 5401 S. KIRKMAN ROAD, STE 660 |
| City, State Zip: | ORLANDO, FL 32819 |
| Email Address: | |

### Notice Against

| | |
|---|---|
| Insurer Type: | Authorized Insurer |
| Name: | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY |
| Street Address: | |
| City, State Zip: | |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

**DAVID SEMESCO**

Type of Insurance: Auto

DFS-10-363
Rev. 11/2007



PLAINTIFF'S EXHIBIT B

## Civil Remedy Notice of Insurer Violations

Filing Number:   196907

### Reason for Notice

Reasons for Notice:
    Claim Denial

PURSUANT TO SECTION 624.155, F.S. please indicate all statutory provisions alleged to have been violated.

| | |
|---|---|
| 624.155(1)(b)(1) | Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. |

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

**WE WILL PAY COMPENSATORY DAMAGES WHICH AN "INSURED" IS LEGALLY ENTITLED TO RECOVER TE OWNER OR OPERATOR OF AN "UNDERINSURED MOTOR VEHICLE" BECAUSE OF "BODILY INJURY".**

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

THE DECEASED, FLEURINAT ESTEPHENE, WAS THE DRIVER OF A 2001 FORD CROWN VICTORIA. ON JUNE 6, 2011, MR. ESTEPHENE WAS STOPPED WEST ON STATE ROAD 528, WHEN THE TORTFEASOR NEGLIGENTLY AND CARELESSLY REAR-ENDED MY CLIENT'S VEHICLE. THE FORCE OF THE DUMP TRUCK, WEIGHING AT AN ESTIMATE OF MORE THAN 10,000.00 LBS., PUSHED MY CLIENTS VEHICLE APPROXIMATELY 220 FEET WEST OF THE POINT OF IMPACT. CONSEQUENTLY, THE IMPACT LEFT MY CLIENT, MR. FLEURINAT ESTEPHENE, WITH INCAPACITATING INJURIES. MR. ESTEPHENE WAS RUSHED TO ORLANDO REGIONAL MEDICAL CENTER WHERE HE WAS PRONOUNCED DECEASED ON JUNE 08, 2011, AT 3:07 P.M. BY DR. JOHN PROMES, M.D. MR. ESTEPHENE IS NAMED AS THE INSURED AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY REFUSES TO SETTLE HIS UNDERINSURED MOTORIST CLAIM.

### Comments

| User Id | Date Added | Comment |
|---|---|---|
| | | |

DFS-10-363
Rev. 11/2007